# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SARAH PRICE and**
**BLUEMARK PRODUCTIONS, LLC,**

        **Plaintiffs,**

  v.                                       Case No. 11-C-0763

**CHRIS SMITH,**

        **Defendant.**

# DECISION AND ORDER

       The instant case, originally filed in the Circuit Court for Milwaukee County, Wisconsin by the Plaintiffs, Sarah Price ("Price") and Bluemark Productions, LLC ("Bluemark") (collectively the "Plaintiffs"), arises out of a business dispute between Price and Defendant Chris Smith ("Smith") over Bluemark's earnings. This Decision and Order addresses the Plaintiffs' motion to remand to state court. The following synopsis of the action's procedural and factual history is essential to the Court's decision.

*Factual and Procedural Background*

       Motions to remand are typically not tabloid fodder. While unlikely to incite a media frenzy, the factual background of this action is unusual – touching on the famed silver screen. Bluemark is primarily a film and media production company. (Compl. ¶ 5.)

Bluemark's most notable success was producing the film *American Movie*, which won the 1999 Grand Jury Prize for the best documentary at the annual Sundance Film Festival, in Park City, Utah. (*Id.* at ¶ 5.) Though Price was a co-director of *American Movie*, Smith refused to acknowledge her as such and director credit went solely to Smith. (*Id.* at ¶ 13.) Following the success of *American Movie*, Smith began receiving (and accepting) lucrative offers to direct commercial advertisements. (*Id.* at ¶ 15.) Smith performed this work as part of Bluemark and Bluemark was the entity paid. (*Id.*)

Price alleges that Smith wrongfully caused Bluemark to distribute this income solely to himself even though Price is a member of Bluemark and Bluemark's operating agreement entitles her to at least ten percent of Bluemark's profits. (*Id.* at ¶¶ 9, 15, 21.) Though Price worked at Bluemark through 2006 and was aware of the commercial work that Smith was doing, she was unaware of the income that Smith had received for these projects until 2010. (*Id.* at ¶¶ 7, 15, 20.) Price believes that since 2000, Smith has hidden and withheld significant amounts of Bluemark's revenue from her. (*Id.* at ¶ 21.)

On July 13, 2011, the Plaintiffs filed suit in Wisconsin state court against Smith, stating both individual claims and derivative claims on behalf of Bluemark.[1] On August 12, 2011, prior to being served with the Complaint, Smith filed a notice of removal with this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In his notice of removal, Smith states that he

---

[1] Price's individual claims include: breach of contract, intentional fraud, strict misrepresentation, and negligent misrepresentation. Claims by both Price individually and on behalf of Bluemark include: breach of fiduciary duty, conversion, civil theft pursuant to Wis. Stat. § 895.446, and unjust enrichment. Price and Bluemark also request an accounting, constructive trust, declaratory judgment, and injunctive relief.

2

"received a copy of the Complaint on July 14, 2011, although to date Smith has not been properly served with the Complaint per the requirements of Wis. Stat. § 801.11(1)." (Def.'s Notice of Removal ¶ 8.) On August 14, 2011, Smith's friend received the summons and complaint from someone who identified himself as a process server, and Smith received the documents when he returned home. (Smith Decl. ¶ 4.)

As the basis for removal, Smith states that the Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000 and the case may therefore properly be removed from state court pursuant to 28 U.S.C. § 1441(a).[2] (Def.'s Notice of Removal ¶ 12.) For diversity purposes, the citizenship of the parties is as follows. Price is a citizen of California. Bluemark is a Wisconsin limited liability company ("LLC") with its principal place of business in Milwaukee.[3] Smith is a citizen of Wisconsin. Smith states that the joinder of Bluemark is "fraudulent and part of a design to prevent removal that should be disregarded for purposes of determining diversity of citizenship." (*Id.* at ¶ 4.)

---

[2]Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3]The citizenship of a LLC is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Though Price and Smith dispute whether Price is a member of Bluemark, both agree that Smith is a member. (Compl. ¶ 2; Answer ¶ 2.) Thus, Bluemark is unquestionably a Wisconsin citizen.

3

*Analysis*

In moving to remand this matter to state court, pursuant to 28 U.S.C. § 1447, the Plaintiffs contend that the lack of complete diversity between the parties leaves the Court without subject matter jurisdiction to hear the case. Alternatively, they argue that remand is required by the forum defendant exception in 28 U.S.C. § 1441(b), which bars removal if any properly joined and served defendant is a citizen of the state in which the action is brought.[4] For the reasons stated below, the Court concludes that remand is required.

The Court must first address whether Bluemark is a proper plaintiff in this action. If Bluemark's joinder is proper, then complete diversity of citizenship among the parties does not exist and the case must be remanded for lack of subject matter jurisdiction. Smith contends that Bluemark was fraudulently joined as part of a plan to defeat removal and its citizenship should therefore be disregarded in determining whether complete diversity exists. (*Id*. at ¶ 4.)

"Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party

---

[4]Section 1441(b) states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4

seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). The Seventh Circuit has adopted the following test for evaluating fraudulent joinder claims:

> Although false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives. . . . An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

*Poulos v. Naas*, 959 F.2d 69, 73 (7th Cir. 1992) (citations omitted). This test is instructive but not dispositive of the issue because it addresses a situation where an out-of-state defendant claims that the plaintiff has fraudulently joined an in-state *defendant* in order to defeat removal. In contrast, Smith claims that Bluemark has been fraudulently joined as a *plaintiff*.

Smith has not cited any case law establishing that the doctrine of fraudulent joinder applies to plaintiffs. He cites a number of cases indicating that they applied the doctrine to non-diverse *parties*. (Def.'s Br. Opp'n Mot. Remand 6 (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009); *Lerma v. Univision Commc'ns, Inc.*, 52 F. Supp. 2d 1011, 1014 (E.D. Wis. 1999); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Chappell v. SCA Servs., Inc.*, 540 F. Supp. 1087, 1091 (C.D. Ill. 1982).) However, each of those decisions addresses fraudulent joinder of non-diverse *defendants*. Smith has not provided any authority indicating that the doctrine of fraudulent

5

joinder applies to plaintiffs. Therefore, fraudulent joinder does not provide a basis for dismissal of Bluemark.

Smith also contends that Bluemark should be dismissed as a plaintiff because Price's derivative claims on behalf of Bluemark are really direct (individual) claims and thus Bluemark's presence in the case is superfluous and only designed to block Smith's ability to remove the case. The *Erie* doctrine counsels that federal courts sitting in diversity must apply the relevant state's substantive law to state law claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Thus, Smith's argument must be evaluated under Wisconsin law.

Smith cites *Rose v. Schantz*, 201 N.W.2d 593 (Wis. 1972), for the proposition that a derivative claim is only available where the primary injury alleged is one to the corporation. Smith further cites *Read v. Read*, 556 N.W.2d 768, 772 (Wis. Ct. App. 1996), as holding that if "the plaintiff's first concern is for her own interests as an individual, and not those of the entity, a derivative suit may not be maintained." (Def.'s Notice of Removal ¶ 5.) Synthesizing these cases, Smith argues that the Complaint plainly requests individual damages for Price as a member and does not seek any remedies that would benefit Bluemark and that Bluemark is therefore an improper plaintiff in this case. (*Id.*)

Smith's argument completely ignores the plain language of Wis. Stat. § 183.0608(1) which states: "a member or manager who votes for or assents to a distribution in violation of s. 183.0607 or of an operating agreement is *personally liable to the limited liability company* for the amount of the distribution that exceeds what could have been

6

distributed without violating s. 183.0607 or the operating agreement." (Emphasis added). It also ignores Wis. Stat. § 183.0402(2):

> Every member and manager shall account *to the limited liability company* and hold as trustee for it any improper personal profit derived by that member or manager without the consent of a majority of the disinterested members or managers, or other persons participating in the management of the limited liability company, from any of the following:
>
>> (a) A transaction connected with the organization, conduct or winding up of the limited liability company.
>>
>> (b) A use by a member or manager of the property of a limited liability company, including confidential or proprietary information or other matters entrusted to the person as a result of the person's status as member or manager.

(Emphasis added). Thus, under relevant Wisconsin law, it is clear that the duty to refrain from self-dealing is owed to the LLC as an entity and that the remedies relating improper personal profits or allegedly wrongful distributions are vested in the LLC, not its individual members. Because these claims and remedies properly belong to Bluemark, Smith's argument that Price's individual claims subsume her derivative claims on behalf of Bluemark is incorrect as a matter of law. The fact that Price may also receive a financial benefit as the result of a ruling in favor of Bluemark is immaterial in determining Price's ability to bring derivative claims.

Smith also proffers his declaration stating that Price voluntarily withdrew from the membership of Bluemark in 2002 and she has had no interest or role in Bluemark since that time and has attached as exhibit two a Wisconsin Department of Revenue 2002 3K-1

7

form, showing that Price's capital account had been reduced to zero. Smith cites *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 655[5] (7th Cir. 1992), a fraudulent joinder case, as authority for submitting matters outside the pleadings. He contends Price may not pursue a derivative claim on behalf of Bluemark because she is no longer a member of the LLC.

In *Faucett*, the court upheld the district court's reliance on a defendant's *uncontradicted affidavit*, essentially stating that he had absolutely nothing to do with any of the devices that were the subject of a mining personal injury action, as sufficient to establish his fraudulent joinder. Smith attests to Price having no interest in her co-Plaintiff LLC for the purpose of extinguishing her ability to bring a derivative claim. However, line D of 2002 3K-1 form shows that at the end of the year Price had a 10 percent interest in any profits and losses and the spaces on the form for indicating a "change or termination" of an interest are blank. Therefore, unlike *Faucett*, exhibit two *contradicts* Smith's factual assertion. Smith has not established that Price lacks an interest in Bluemark.

As the party seeking removal, Smith has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *See Allied-Signal, Inc.*, 985 F.2d at 911. Mindful of these guidelines, the Court concludes that Bluemark is a proper plaintiff and its presence destroys complete diversity of citizenship among the parties and

---

[5]Smith cited page 654 rather than page 655 of *Faucett*. The Court corrected the error.

8

requires the Court to remand the case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Based on the foregoing, the Court need not address the Plaintiffs' argument that the forum defendant rule provides an alternative ground for remand.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' motion to remand (Docket No. 4) is **GRANTED**.

Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court for Milwaukee County, Wisconsin

The Clerk of Court is **DIRECTED** to transmit a certified copy of this Decision and Order to the clerk of the state court and to close the file of this case on the Court's docket.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**