# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SARAH PRICE and
BLUEMARK PRODUCTIONS, LLC,

        **Plaintiffs,**

v.                                       Case No. 11-C-0763

CHRIS SMITH,

        **Defendant.**

# DECISION AND ORDER

This Decision and Order addresses the motion for attorney fees pursuant to 28 U.S.C. § 1447(c) filed by the Plaintiffs, Sarah Price ("Price") and Bluemark Productions, LLC ("Bluemark") (collectively the "Plaintiffs"). The action was removed by the Defendant, Chris Smith ("Smith"), a citizen of Wisconsin, to this federal district court based on diversity jurisdiction. However, the Court granted the Plaintiffs' motion for remand of the action to the Circuit Court for Milwaukee County.

*Attorney Fees Under § 1447(c)*

The Plaintiffs request an award of $13,150 in attorney fees representing 52.6 hours of attorney time at counsel's normal $250.00 hourly rate. Smith opposes the award of

attorney fees asserting that this Court's decision not to consider the statutory exception to the forum defendant rule does not render his removal petition objectively unreasonable and his argument that Bluemark is not a proper plaintiff was objectively reasonable. He also contends that the claimed amount of fees is unreasonable. The Court has jurisdiction over this action for the limited purpose of deciding the Plaintiffs' motion. *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).

Section 1447(c) of Title 28 of the United States Code provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The rationale for awarding attorney fees to a plaintiff prevailing on a motion to remand is that the "process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

The attorney fees provision does not create a strong presumption either for or against awarding fees. *Id*. at 139-40. However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136.

When deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a

2

way to delay litigation. *See id.* at 140. The test for objective unreasonableness is "whether the relevant case law clearly foreclosed the defendant's basis for removal." *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir. 2007).

> As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorney's fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorney's fees.

*Id.* at 793.

Smith's removal of this case was proper only if: (1) the forum defendant rule contained in the removal statutes did not apply to him, even though he is a citizen of Wisconsin,[1] and (2) Bluemark was not a proper plaintiff. Smith needed to succeed on both of his arguments to prevail against the Plaintiffs' motion to remand. The Plaintiffs' allegations that Price is a member of Bluemark and that Bluemark was harmed, together with Smith's undisputed status as the sole defendant and an in-state defendant, made his contention that he could overcome the strong presumption against removal objectively unreasonable.

In remanding the case, this Court found that Smith did not cite "any case law establishing that the doctrine of fraudulent joinder applies to plaintiffs." (*See* Court's February 2, 2012, Decision & Order 5.) (ECF No. 14.) While having superficial support, Smith's brief did not survive scrutiny. Based on the law within this Circuit, Smith's arguments objectively

---

[1] The Court of Appeals held that removal in the face of a forum defendant rule problem warrants fees under § 1447(c). *See Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009).

3

lacked a reasonable basis in the law regarding removal. As a result, this Court will require that Smith pay the Plaintiffs' reasonable attorney fees related to his improper removal of the action to federal court.

*Amount of Fees*

Section § 1447(c) "specifies that the fees awarded must be the 'actual' fees that were 'incurred,'" *Hotline Indus., Inc.,* 236 F.3d at 367 (finding that fees awarded to the state for the work of government lawyers is limited to a proportional share of the salaries of its attorneys handling the removal plus related overhead costs). This Court has discretion "to tailor the documentation requirement" according to the stakes involved. *See Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 411 (7th Cir. 2000); *Ustrak v. Fairman,* 851 F.2d 983, 987 (7th Cir. 1988). *Tenner v. Zurek*, 168 F.3d 328, 329-30 (7th Cir. 1999), holds that § 1447(c) is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party.

Smith makes a conclusory assertion that the amount of attorney fees sought is unreasonable. Smith has not particularized his objection – he has not addressed the hourly rate of counsel or the time opposing counsel expended on specific tasks.

The Plaintiffs' case is being handled on a contingency fee basis. The Seventh Circuit has declined to decide whether fees may be awarded when a case is handled under a contingency fee agreement. *See Tenner*, 168 F.3d at 330 n.3. *Hotline Industries, Inc.*, 236 F.3d at 365, reasoned that "salaried government lawyers, like in-house and non-profit counsel,

4

do incur expenses if the time and resources they devote to one case are not available for other work." *Id.* at 365. Similar reasoning applies to counsel being compensated under a contingency fee arrangement. Therefore, the Court concludes the contingency fee arrangement does not preclude an award of actual fees incurred under §1447(c).

The Plaintiffs' attorney avers, although the Plaintiffs are paying for his services on a contingent basis, his normal hourly rate is $250. (Miota Decl. ¶¶ 2-3.) (ECF No. 17.) Additionally, the Court notes that, several years ago, approval was given to similar hourly rates of $275 and $260 for fees incurred as the result of removal. *See Simenz v. Amerihome Mortg. Co., LLC*, 544 F.Supp. 2d 743, 748 (E.D. Wis. 2008). The claimed hourly rate is reasonable.

Counsel's declaration sets forth details of the work done on the motion for remand and the time expended in conjunction with those tasks. (Miota Decl. ¶ 4.) The hours claimed are reasonable based on the issues presented by the removal and remand motion. Based on the foregoing, the Plaintiffs' motion for attorney fees in the amount of $13,150.00 is granted.

5

Case 2:11-cv-00763-RTR   Filed 08/22/12   Page 5 of 6   Document 20

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' motion for attorney fees in the amount of $13,150.00 (ECF No. 15) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 22nd day of August, 2012.

                        **BY THE COURT**

                        _____
                        **Hon. Rudolph T. Randa**
                        **U.S. District Judge**